UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-80155-CR-MARRA/HOPKINS(ss)

UNITED STATES OF AMERICA

            Plaintiff,

v.

PETER DEL TORO, and
JACLYN RUBINO,

            Defendants.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANTS PETER DEL TORO'S, JACLYN RUBINO'S, AND TIMOTHY SIGMAN'S MOTIONS TO DISMISS THE INDICTMENT (DEs 967, 1163)

**THIS CAUSE** comes before the Court upon an order of referral (DE 494). The Court has before it the motions (DEs 967, 1163), the Government response (DE 1002), and the reply (DE 1030). In their motions to dismiss defendants accuse the government of prosecutorial misconduct sufficient to dismiss the indictment.

On June 7, 2012, a grand jury returned a Second Superseding Indictment (D.E. 507) against defendants based on illegal distribution of controlled substances.

Judicial review of grand jury matters is narrowly circumscribed by the Supreme Court because the proceedings are cloaked in a presumption of regularity. *See United States v. R Enterprises, Inc.*, 498 U.S. 292, 301 (1991). As a result, dismissal of an indictment is an "extreme sanction" that should be infrequently utilized. *United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1983). On those infrequent occasions, federal courts may dismiss an indictment in two circumstances: (1) where the indictment was obtained in violation of the Constitution or laws of the United States; or (2) where the court, exercising its supervisory

power over the administration of justice, finds an "abuse of the grand jury process such as perjury or government misconduct." *United States v. DiBernardo*, 775 F.2d 1470, 1475 (11th Cir. 1985); *see United States v. Hyder*, 732 F.2d 841, 845 (11th Cir. 1984).

However, the Supreme Court and the Eleventh Circuit have consistently limited challenges to indictments that require the courts to exercise supervisory power, rejecting challenges based on failure to present exculpatory evidence to the grand jury, presenting hearsay to the grand jury, and unintentionally presenting false testimony to the grand jury. *See, e.g., United States v. Williams*, 504 U.S. 36, 51-55 (1992); *see also United States v. Waldon*, 363 F.3d 1103, 1109 (11th Cir. 2004). Further, courts should not place themselves in a position to "prescribe[] those standards of prosecutorial conduct in the first instance . . . because the grand jury is an institution separate from the courts." *Williams*, 504 U.S. at 46-47.

Further, it is well established that an indictment may not be attacked based upon the sufficiency or competency of the evidence presented to the grand jury. *See Costello v. United States*, 350 U.S 359, 76 S.Ct. 406 (1956); *United States v Williams*, 504 U.S. 36, 112 S.Ct. 1735 (1992); *see also United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613 (1974).

Defendant seeks dismissal based on allegedly misleading statements made before the grand jury amounting to prosecutorial misconduct. The dismissal of an indictment for prosecutorial misconduct is an "extreme sanction which should be infrequently utilized". *Id; United States v Pendleton*, 447 Fed.Appx. 978 (11th Cir 2011); *United States v Jordan*, 316 F.3d 1215, 1249, fn.68 (11th Cir. 2003); *United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1985). Even the presentation of false testimony before a grand jury is not grounds for dismissal unless the prosecutor "knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony and that the falsehood was material." *Pendleton*,

*supra;* United States v Akel, 337 Fed.Appx. 843 (11th Cir. 2009), *citing* United States v. Woodruff, 296 F.3d 1041, 1043 n.1 (11th Cir. 2002). Hearsay testimony before the grand jury proceeding does not constitute perjury or invalidate the indictment. *See Williams,* 504 U.S. at 50 (1992) (noting that the presentation of hearsay evidence is permissible in grand jury proceedings).

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v United States,* 487 U.S. 250, 254, 108 S.Ct. 2369, 2373 (1988); *United States v. O'Keefe,* 825 F.2d 314 (11th Cir. 1987); *United States v Pettway,* 129 Fed. Appx. 583 (11th Cir. 2005). Prejudice means that the violation "substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia,* 487 U.S. at 256, 108 S.Ct. at 2374.

In the *O'Keefe* case, the defendant sought dismissal of the indictment based on alleged prosecutorial misconduct before the grand jury, claiming the prosecutor 1) made gestures and comments indicating disbelief or exasperation of some witnesses' testimony; 2) exhibited "inappropriate behavior" towards the defendant's wife when she invoked her spousal and Fifth Amendment privileges; 3) possibly leaked grand jury information to the media; and 4) threatened certain uncooperative witnesses with possible prosecution. The Eleventh Circuit affirmed the trial judge's refusal to dismiss the indictment, despite the trial judge's finding "considerable substance" to the allegations, because the defendants had demonstrated no prejudice as a result of the misconduct. As the Court noted, proof of prejudice is an essential element to any request for dismissal based upon alleged prosecutorial misconduct. *O'Keefe,* 825 F.2d at 318.

The Eleventh Circuit has recognized the defense of outrageous governmental conduct under the Fifth Amendment's guarantee of due process. *See United States v. Sanchez*, 138 F.3d 1410, 1413 (11th Cir. 1998). *See also United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007) (majority opinion). This defense focuses on the tactics employed by law enforcement officials to obtain a conviction for conduct beyond the defendant's predisposition. *Sanchez*, 138 F.3d at 1413.

The Eleventh Circuit Court of Appeals recently questioned the viability of this defense:

> We have never applied the outrageous government conduct defense and have discussed it only in *dicta*. *See United States v. Ciszkowski*, 492 F.3d 1264, 1272 (11th Cir. 2007)(Carnes, J., concurring) (describing the outrageous government conduct doctrine as rooted in "speculative dicta and noting that we have never "reversed a conviction or vacated a sentence on th[is] basis"). Several of our sister circuits have either rejected this defense completely [citation] or have been sharply critical of the defense, *see eg United States v Tucker*, 28 F.3d 1420, 1422-27 (6th Cir. 1994)(citing separation of powers concerns and discussing the lack of authority for any argument that outrageous government conduct violates due process); *United States v Santana*, 6 F.3d 1,3 (1st. Cir. 1993)("Outrageous misconduct is the deathbed child of objective entrapment, a doctrine long since discarded in the federal courts.")

*United States v Jayyousi*, 657 F.3d 1085 at 1111-12 (11th Cir 2011).

In *Jayyousi*, defendant Jose Padilla claimed that he had been mistreated while in custody and sought dismissal of his indictment based on this "outrageous government conduct." Affirming the trial judge's denial of this pre-trial motion, the Court noted that the defendant did not allege government intrusion into the underlying criminal conduct but rather claimed alleged mistreatment which occurred after the conclusion of his criminal acts. Thus, the Court concluded, even if the doctrine existed, it would not have applied in this situation. *Id. See also United States v Charlestain*, 2012 WL 1947328 (S.D. Fla. May 2012)(declining to consider motion to dismiss indictment for alleged misconduct based on claim that officers tried to interview her in violation of her rights); *United States v Treisback*, 2012 WL 1156436,

4

adopted in 2012 WL 1156427 (N.D. Ga. April 2012)(denying motion to dismiss based on claim of outrageous conduct of law enforcement during search of defendant's home).

Defendants assert various instances of government misconduct:

   A.  **Testimony that Anthony Forgione and Scott Lofquist fulfilled orders for anabolic steroids and human growth hormone through Del Toro's Treasure Coast Specialty Pharmacy.**

Defendants have not shown this to be false testimony.

   B.  **Testimony that Rubino and Del Toro were both connected to Forgione and Lofquist.**

Defendants have not shown this to be false testimony.

   C.  **Testimony about Millennium and Dr. Carrillo**

Defendants have not shown this to be false testimony. Failure to present exculpatory evidence is not grounds for dismissal. *See Williams*, 504 U.S. at 51 (rejecting attempts to overturn indictment on the basis of prosecutorial misconduct even where prosecutor knowingly withheld "substantial exculpatory evidence" from grand jury).

   D.  **Defendants' allegations regarding telemedicine.**

Defendant has shown no instances where the Government has misstated the law.

   E.  **The government's failure to present evidence that Treasure Coast Specialty Pharmacy was licensed to ship prescriptions to 48 states.**

Even if it were exculpatory, the government has no obligation to present it to the grand jury. *Williams*, 504 U.S. at 55.

   F.  **The agent's testimony that Dr. Jeffrey Perelman wrote 4,400 prescriptions for anabolic steroids, rather than 3,100 prescriptions for anabolic steroids.**

5

Defendants have shown no perjury nor materiality.

    **G.    Testimony regarding the pharmacy's involvement with disciplined doctors and pill shoppers.**

Defendants have shown no false testimony.

    **H.    Testimony about human growth hormone and shipping at the pharmacy.**

Defendants have shown no false testimony.

    **I.    Misconduct before the previous grand jury, Federal Grand Jury 10-103-046, in 2011.**

Defendant cannot show any material errors nor can they demonstrate any prejudice resulting from the previous grand jury proceedings. *See, e.g., United States v. Collins*, 300 Fed. App'x 663, 666 (11th Cir. 2008) (alleged violation of law before original grand jury cured by re-presentment to new grand jury).

    **J.    Misconduct in filing plea agreements for four co-defendants, approaching potential witnesses, and arresting defendant Jaclyn Rubino.**

Defendants have shown no misconduct nor that they have been prejudiced.

Accordingly, this Court **RECCOMMENDS** that Defendants' motion to dismiss the second superseding indictment (DE 967) should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra within three *(3) business days* (until October 28, 2013) after being served with a copy. The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local

6

Mag. J. R. 4(a). Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of October, 2013.

*/s/ James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Counsel of record